UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MORE THAN GOURMET, INC., | ) | CASE NO. 5:18-cv-2510 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CHRISTIAN POTIER, S.A., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Presently before the Court is the motion of plaintiff More Than Gourmet, Inc. ("plaintiff" or "MTG") for default judgment, pursuant to Fed. R. Civ. P. 55(b), in its action filed to enforce the terms of a settlement agreement. (Doc. No. 16.) The motion is unopposed. For the reasons that follow, default judgment is granted in favor of plaintiff and against defendant on the complaint, and plaintiff is awarded damages in the amount of $233,792.30.

I. **BACKGROUND**

MTG is an Akron-based corporation that "manufacturers, distributes, and sells culinary sauces and stocks to high-end grocery stores across the United States. (Doc. No. 7 (Sealed Complaint) ¶¶ 1, 9.) Defendant Christian Potier, S.A. ("defendant" or "Potier") is a French Corporation with its principal place of business located in Carpentras, France. (*Id.* ¶ 2.) In a prior federal action brought in this Court, MTG alleged that Potier had breached its agreement whereby it was to manufacture its standard proprietary products that would be co-branded with MTG and then sold to MTG for ultimate sale and distribution in the United States. (*See More*

*Than Gourmet, Inc. v. Christian Potier, S.A*., N.D. Ohio Case No. 5:13-cv-1966, Doc. No. 1 (Complaint) ¶ 9 (hereinafter referred to as "the Prior Litigation")).

The parties engaged in mediation and ultimately reached a settlement that resolved the Prior Litigation. (Doc. No. 7-2 (Settlement Agreement); *see* N.D. Ohio Case No. 5:13-cv-1966, Doc. No. 22 (Stipulation of Dismissal).). The terms of the Settlement Agreement provided, in part:

> Potier shall also pay five (5) percent of its Net Sales ("the Royalties") from the date of the launch of the sale of Potier Products or substantially similar products (as defined in the Agreement) in the United States until the sum of such Royalty payments reaches the amount of Three Hundred Thousand Dollars ($300,000.00).

(Doc. No. 7-2 ¶ 2.) Potier was required to provide MTG with "a calculation of net sales, identifying all elements thereof" for these payments. (*See id*.)

MTG represents that, despite repeated requests, Potier failed to provide the required calculations in accordance with the Settlement Agreement. Furthermore, as stated in the complaint, "upon information and belief, Potier has failed to pay MTG Royalties on sales in accordance with the Settlement Agreement." (Doc. No. 7 ¶¶ 21–26; *see* Doc. No. 7-2 ¶ 2.) Since the filing of the present complaint, Potier made its last payment to MTG on or about April 30, 2020, leaving an unpaid balance of $233,792.30. This remaining balance is supported by the declaration of Bradley M. Sacks—Chief Executive Officer and President of MTG—and a spreadsheet showing the dates and amounts of the payments made by Potier. (Doc. No. 16-2 (Declaration of Bradly M. Sacks); Doc. No. 16-3 (Spreadsheet).)

On October 30, 2018, MTG filed the present action to enforce the Settlement Agreement, raising claims for breach of contract and specific performance. (*See generally* Doc. No. 7.) Count One (Breach of Contract) seeks damages resulting from Potier's breach of the Settlement

Agreement. (*Id*. ¶¶ 28–33, Damages ¶ 3.) Count Two (Specific Performance) seeks an order directing Potier to comply with the terms of paragraph 2 of the Settlement Agreement requiring the production of the aforementioned net-sales calculations. (*Id*. ¶¶ 35–38.)

On March 20, 2019, MTG filed a notice that, following unsuccessful efforts to obtain Potier's waiver of service, it had initiated the process for formal international service upon Potier. (Doc. No. 8.) On June 28, 2019, the Court directed MTG to show cause why this action should not be dismissed for want of service. (Doc. No. 9.) Following MTG's response (*see* Doc. No. 10), the Court determined that MTG had shown good cause for its failure to serve Potier, but advised MTG that the case would be administratively closed if service was not perfected. (Order, non-document, 7/16/2019.) On September 3, 2019, the Court administratively closed the case for want of service. (Doc. No. 11.)

On December 29, 2020, MTG moved to reopen the case following its successful service upon Potier. (Doc. No. 12 (motion); *see* Doc. No. 12-1 (Proof of Service).) The Court granted the motion and returned the case to the active docket. MTG applied to the Clerk for entry of default against Potier (Doc. No. 14 (Application for Default); and the Clerk entered default on March 26, 2021. (Doc. No. 15.)

MTG's motion for default is supported by the parties' Settlement Agreement and the declaration of Bradley M. Sacks (and attached spreadsheet). As set forth above, MTG "requests that the Court award $233,792.30 to MTG, which is the remaining balance owed to it by Potier under the Settlement Agreement." (Doc. No. 16-1 at 4.[1]) Additionally, MTG "seeks an award of

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

3

specific performance requiring Potier to comply with the requirements of the Settlement Agreement." (*Id*. at 3.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs default and default judgment. Default has been entered by the Clerk against defendant pursuant to Rule 55(a). (*See* Doc. Nos. 14, 15.) Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citation omitted).

Under Rule 55(b)(2), the Court may enter default judgment without a hearing, but may conduct a hearing if the Court needs to: (1) conduct an accounting; (2) determine the amount of damages; (3) establish the truth of any allegations by evidence; or (4) investigate any other matter. In this case, the Court has examined the record before it and MTG's submissions in support of its motion for default judgment and concludes that a hearing is not necessary to rule upon the motion.

The decision to grant default judgment is within the Court's discretion. *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing, among authority, 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2685 (3d ed. 1998) ("This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a).")). Thus, Potier's default does not automatically entitle MTG to relief.

In order to rule upon MTG's motion, the Court must determine whether the factual allegations in the complaint deemed admitted by Potier's default, and reasonable inferences

4

derived therefrom, are sufficient to satisfy the elements of MTG's legal claims for which it seeks default judgment. *See Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016) (finding even though defendant has defaulted, the court must determine whether factual allegations accepted as true state a claim for relief with respect to the claims for which plaintiffs seek default (citation omitted)); *see also Kwik–Sew Pattern Co. v. Gendron*, No. 1:08-cv-309, 2008 WL 4960159, at *1 (W.D. Mich. Nov. 19, 2008) ("[A] court may not enter default judgment upon a legally insufficient claim." (citations omitted)). Legal conclusions in the complaint are not deemed admitted by a defendant's default.

In addition, "[a]n entry of default judgment requires some affirmation that the person against whom the default judgment is obtained is not (1) 'an infant or incompetent person' who is unrepresented; (2) a member of the armed services who is entitled to protection against default pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix § 401 *et seq.*; or (3) an officer or agency of the United States." *Leach v. Lifeway for Youth, Inc.*, No. 1:07-cv-200, 2008 WL 1990390, at *1 (S.D. Ohio May 1, 2008) (citing Fed. R. Civ. P. 55(b), (c), (e); Advisory Committee Notes to Fed. R. Civ. P. 55, Supplementary Note.). As a French Corporation, Portier is not a minor, incompetent person, or subject to the Soldiers' and Sailors' Relief Act of 1940. *See Zinganything, LLC,* 2016 WL 362359, at *2 (citing *Hitachi Med. Sys. Am., Inc. v. Lubbock Open MRI, Inc.*, No. 5:09-cv-847, 2010 WL 4638057, at *1 (N.D. Ohio Nov. 5, 2010) ("As corporations, the Defaulting Defendants are clearly not infants or incompetent persons.")). (*See* Doc. No. 7 ¶ 2.)

III. **DISCUSSION**

By defaulting, Potier is deemed to have admitted all of MTG's well-pleaded factual allegations as to liability. *AF Holdings*, 976 F. Supp. 2d at 929 ("Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true." (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007)). To be well-pleaded, the complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See Reid v. Herrera Harvesting LLC*, No. 2:17-cv-229, 2020 WL 247349, at *1 (E.D. Tenn. May 13, 2020) (applying Fed. R. Civ. P. 8(a) to a complaint for which plaintiff seeks default judgment (quotation marks and citations omitted)).

**A.  Breach of Contract**

Count One of the complaint raises a claim for breach of contract. To establish a claim against Potier for breach of contract under Ohio law, MTG must show: (1) the existence of a contract; (2) performance by MTG; (3) breach by Potier; and (4) damage or loss to MTG. *See Spectrum Benefits Options, Inc. v. Med. Mut. of Ohio*, 880 N.E.2d 926, 934 (Ohio Ct. App. 2007) ("A breach of contract occurs when a party demonstrate the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach." (internal quotation marks and citations omitted)). The well-pleaded allegations in the complaint, deemed admitted by Potier's default, establish that MTG is entitled to default judgment against Potier for breach of contract.

First, the complaint alleges that the Settlement Agreement "is a valid contract between MTG and Potier." (Doc. No. 7 ¶ 29.) Second, the complaint alleges that MTG fully "performed

6

all of its obligations under the Settlement Agreement and all conditions precedent to the enforcement of the Settlement Agreement have been satisfied, waived, or abandoned." (*Id*. ¶ 30.) Third, the complaint alleges that Potier "has breached the Settlement Agreement[.] (*Id*. ¶ 31.) In particular, the complaint alleges that Potier made a series of wire transfers to MTG, pursuant to the terms of the Settlement Agreement, but has failed to fully satisfy its monetary obligations to MTG. (*Id*. ¶¶ 20–21.) Additionally, MTG avers that Potier has failed to provide MTG with the net-sales calculations required under paragraph 2 of the Settlement Agreement. (*Id*. ¶¶ 22–25, 31.) And fourth, MTG was damaged by Potier's breach in an amount in excess of $75,000.00. (*Id*. ¶ 33.)

Having properly pleaded factual allegations supporting the essential elements of a claim of breach of contract under Ohio law, MTG is entitled to default judgment against Potier on the issue of liability under Count One of the complaint.

### B.  Specific Performance

The equitable remedy of specific performance is available when the promisor's failure to perform constitutes a breach of the contract, and a remedy for the breach which is ordinarily available at law, such as money damages, will not afford the promisee adequate relief for a loss arising from the breach. *Four Howards, Ltd. v. J. & F Wenz Rd. Invest, L.L.C*., 902 N.E.2d 63, 73 (Ohio Ct. App. 2008) (citation omitted); *see Gleason v. Gleason*, 582 N.E.2d 657, 661 (Ohio Ct. App. 1991) (The remedy of specific performance is only available when there is no adequate remedy at law, i.e., damages.).

The complaint alleges that the Settlement Agreement requires Potier to provide net-sales calculations for each royalty payment, that Potier failed to supply the necessary calculations to

MTG, and that MTG has no adequate remedy at law to enforce the provisions of the Settlement Agreement. (Doc. No. 7 ¶¶ 35–38.) According to Ohio law, MTG has adequately pleaded a claim for specific performance. *See, e.g., Bono v. McCutcheon*, 824 N.E.2d 1013, 1019 (Ohio Ct. App. 2005) ("By claiming that [the subject] is unique and that monetary damages would be inadequate, [plaintiff] has adequately pleaded a request for specific performance.").

MTG is entitled to default judgment against Potier on Count Two of the complaint.

### C. Damages

While a plaintiff's well-pleaded allegations in the complaint as to liability are taken as true when a defendant is in default, the same is not true for damages. *Ford Motor Co.*, 441 F. Supp. 2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104, 5 S. Ct. 788, 29 L. Ed. 105 (1885)); *Nat'l Satellite Sports, Inc. v. Mosley Entm't, Inc.*, No. 01-cv-74510, 2002 WL 1303039, at *3 (E.D. Mich. May 21, 2022) (the allegations of the complaint regarding the amount of damages are not controlling (citations omitted)). "[T]he civil rules 'require that the party moving for a default judgment must present some evidence of its damages.'" *IBEW Local Union 82 v. Union Lighting Prot.*, No. 3:11-cv-208, 2012 WL 554573, at *1 (S.D. Ohio Feb. 21, 2012) (quoting *Mill's Pride, L.P. v. W.D. Miller Enterpr.*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010)).

The Court finds that MTG has sufficiently established its right to monetary damages under the Settlement Agreement. The spread sheet appended to Mr. Sacks' declaration demonstrates that Potier made royalty payments to MTG under the Settlement Agreement between March 11, 2015 and April 30, 2020 totaling $66,207.70. (Doc. No. 16-3.) Accordingly, Potier has an outstanding balance of $233,792.30 under the Settlement Agreement. (*Id.*; *see* Doc.

No. 7 ¶ 26; *see also* Doc. No. 7-2 ¶ 2.) MTG is entitled to monetary damages in the amount of $233,792.30.[2]

### IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment is GRANTED on plaintiff's complaint. Plaintiff is AWARDED damages in the amount of $233,792.30, plus interest from the date of judgment. This case is closed.

**IT IS SO ORDERED**.


Dated: November 21, 2022

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[2] MTG also seeks an order requiring Potier to specifically perform under the terms of the Settlement Agreement. MTG has failed to come forward with any evidence demonstrating that the award of damages for the balance of the Settlement Agreement will not fully compensate MTG under the Settlement Agreement. Accordingly, the Court will not provide additional relief under Count Two "in order to avoid the potential for double recovery." *Tempur-Pedic N. Am., LLC v. SOS Furniture Co.*, 5:20-cv-54, 2020 WL 6302650, at *3 & n.1 (E.D. Ky. May 4, 2020) (declining to enter a default judgment on alternative theories in order to avoid possible double recovery).